Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9218 | **DATE** | 9/27/2002 |
| **CASE TITLE** | Lula M. Hewitt vs. Metropolitan Water, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 22 Oct. 02 at 9:00 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ___ set for ___ at ___.

(7) ☐ Trial[set for/re-set for] on ___ at ___.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ___ at ___.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendants' Motion to Dismiss Hewitt's claims against all defendants based on 42 U.S.C. Section 1981 and 1983 is GRANTED; Defendants' Motion to Dismiss Hewitt's claims against Defendant Thomas E. Kunetz, Martin O'Brien, Shirley Barrett and Richard C. Sustich based on Title VII and the ADEA is GRANTED; Defendants' Motion to Dismiss Claims 4,5,6,9,10,11,14 and 16 of Hewitt's complaint is GRANTED; and Plaintiff is hereby ordered to provide a more definite statement of the factual underpinnings of Claims 12, 15, 17 and 18 within twenty-one (21) days from receipt of this order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | SEP 30 2002 | |
| | Notified counsel by telephone. | | date docketed | 18 |
| ✓ | Docketing to mail notices. | | BY | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAP | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

FILED
SEP 2 7 2002

Judge Harry D. Leinenweber
U.S. District Court

DOCKETED
SEP 3 0 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LULA M. HEWITT, also known as
LULA M. JOHNSON,

    Plaintiff,

v.

METROPOLITAN WATER RECLAMATION
DISTRICT OF GREATER CHICAGO,
THOMAS E. KUNETZ, MARTIN
O'BRIEN, SHIRLEY BARRETT,
RICHARD C. SUSTICH,

    Defendants.

Case No. 01 C 9218

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Plaintiff Lula M. Hewitt (a.k.a. Lula M. Johnson-Hewitt) ("Hewitt") brings this *pro se* complaint against the Metropolitan Water Reclamation District of Greater Chicago (the "Water District"), Thomas E. Kunetz, Martin O'Brien, Shirley Barrett and Richard C. Sustich, alleging age and race discrimination in violation of the Age Discrimination in Employment Act (codified at 42 U.S.C. § 621 *et seq.*)(the "ADEA"); Title VII of the Civil Rights Act of 1964 (codified at 42 U.S.C. § 2000e *et seq.*) ("Title VII"); and 42 U.S.C. §§ 1981 and 1983. Before the court is defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the court grants the motion in part and denies the motion in part.



## BACKGROUND

Preliminarily, the court notes that Hewitt's complaint contains two exhibits: (i) a copy of her "Right to Sue" letter, dated August 28, 2001, issued by the Equal Employment Opportunity Commission (the "EEOC Letter") and (ii) a copy of the initial "Charge of Discrimination," as amended, that Hewitt filed on May 4, 1999 with the Illinois Department of Human Rights (the "IDHR Charge"). As "any written instrument which is an exhibit to a pleading is a part thereof for all purposes," FED.R.CIV.P. 10(c), the court has reviewed the EEOC Letter and the IDHR Charge in connection with the instant motion to dismiss. *Cf. O'Donnell v. Univ. of Chicago*, 2001 WL 1593141 at *5 (N.D. Ill. Dec. 13, 2001) ("[B]efore the court dismisses a *pro se* complaint it is required to consider the allegations contained in all documents filed with the court."). In their motion to dismiss, defendants have attached extra-pleading material; that material has been excluded for purposes of this ruling. *Cf.* Fed.R.Civ.P. 12(b) (motion to dismiss presenting matters outside pleading need not be converted to motion for summary judgment if "excluded by the court").

According to the complaint, Hewitt, an employee of the Water District since December 27, 1982 and working as a "principal clerk typist" (IDHR Charge at 1) at the time she filed the IDHR Charge, allegedly suffered discrimination based on both age and race on eight occasions, as follows: (1) On November 4, 1998, Hewitt was

suspended from work (IDHR Charge at 1-2)("Claim 1"); (2) On December 4, 1998, Hewitt was passed over for a promotion to the position of accounting clerk (IDHR Charge at 2)("Claim 2"); (3) On or around January 5, 1999, Hewitt was required to return four hours of vacation time (IDHR Charge at 2-3)("Claim 3"); (4) On March 3, 1999, Hewitt was told she was no longer allowed to receive personal phone calls during working hours (IDHR Charge at 3)("Claim 4"); (5) On April 5, 1999, Hewitt was given a negative performance evaluation (IDHR Charge at 3-4)("Claim 5"); (6) On April 5, 1999, "negative comments" were added to Hewitt's request for a leave of absence (IDHR Charge at 4)("Claim 6"); (7) On April 5, 1999, Hewitt was placed on the Water District's "Sick Leave Control Program" (IDHR Charge at 4-5)("Claim 7"); (8) On August 25, 1999, Hewitt became aware that she did not receive a promotion to the position of administrative assistant (IDHR Charge at 6)("Claim 8"). Claims 3, 6 and 7 appear to represent the particularized instances of Hewitt's more general allegation that she was "denied . . . the right[] to participate equally in the Sick Leave and Vacation Leave." (Compl. ¶12(f).)

Hewitt also claims that she has been "denied . . . the right[] to participate equally" in the Water District's "Tuition Reimbursement Programs" (Claim 9"), "Training . . . Opportunities" ("Claim 10"), "Transfer . . . Opportunities" ("Claim 11") and "FLMA [sic] Program" ("Claim 12"). (Compl. ¶12(f).) More broadly,

Hewitt claims that she has been denied "equal opportunities in employment" ("Claim 13") and has, "during [her] employment," been subjected to "ongoing and continuous harassment" ("Claim 14"), "unfair and unequal treatment" ("Claim 15") and "mental and physical abuse" ("Claim 16") by "people younger and of the white race." (Compl. ¶12(f).) Finally, Hewitt alleges, without any factual detail whatsoever, that she suffered discrimination in December 1999 ("Claim 17") and that defendants' discrimination has continued "to present" ("Claim 18") (Compl. ¶6).

## STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests whether the plaintiff has properly stated a claim upon which relief could be granted, not whether the plaintiff will ultimately prevail on the merits. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). In ruling on a motion to dismiss, a court must construe all well-pleaded allegations of the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *Id.* A motion to dismiss will not be granted unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In deciding a motion to dismiss, complaints drafted by *pro se* litigants are held to a less stringent standard than those drafted by attorneys, *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000), as

"[d]istrict courts are required to liberally construe *pro se* complaints, however inartfully pleaded." *Castillo v. Cook County Mail Room Dept.*, 990 F.2d 304, 307 (7th Cir. 1993).

## DISCUSSION

### SECTION 1981 AND 1983 CLAIMS

#### *Statute of Limitations*

Hewitt alleges violations of 42 U.S.C. §§ 1981 and 1983. "[T]he applicable limitations period for actions brought under 42 U.S.C. sections 1981 and 1983 in federal court in Illinois is Illinois' two-year statute of limitations for personal injury actions." *Smith v. City of Chicago Heights*, 951 F.2d 834, 839 (7th Cir. 1992). Thus, any action brought under 42 U.S.C. §§ 1981 and 1983 must "be commenced within 2 years next after the cause of action accrued." 735 ILCS 5/13-202. "Generally, a claim accrues when the plaintiff knows or has reason to know of the injury giving rise to the cause of action. Civil rights claims, therefore, accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992) (citation omitted).

Hewitt filed the instant complaint on November 30, 2001. As the complaint currently stands, the latest discriminatory act sufficiently pleaded occurred on August 25, 1999. Although Hewitt filed the IDHR Charge on May 4, 1999 (and an amendment thereto on September 1, 1999) and subsequently pursued her claims through the

EEOC as required by Title VII, see 42 U.S.C. § 2000e-5(e)(1), it is clear that pursuing administrative remedies does not toll the limitations period applicable to claims brought under 42 U.S.C. §§ 1981 or 1983. See Heck v. Humphrey, 512 U.S. 477, 480 (1994) (§ 1983); Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 462-66 (1975) (§ 1981); Evans v. City of Chicago, 1993 WL 273365 at *2 (N.D. Ill. July 19, 1993)(filing complaint with EEOC does not toll statute of limitations for §§ 1981 or 1983 claims). Accordingly, Hewitt's claims based on violations of 42 U.S.C. §§ 1981 and 1983 occurring prior to November 30, 1999 are time-barred and therefore dismissed.

### Water District Policy or Custom

Defendants separately argue that Hewitt fails to state §§ 1981 and 1983 claims against the Water District because she has failed to allege a discriminatory Water District "policy, practice, custom or usage" (Defs.' Mot. Dismiss at 4) as required by *Monell v. Dep't. of Social Servs.*, 436 U.S. 658 (1978). The court disagrees.

42 U.S.C. §§ 1981 and 1983 each require "a plaintiff seeking to impose liability on a municipality to identify a municipal policy or custom that caused plaintiff's injury." *Bd. of City Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Jett v. Dallas Indep. School Dist.*, 491 U.S. 701, 736-37 (1989)(applying *Monell* principles crafted for § 1983 litigation to § 1981 claims). Thus, as part of Hewitt's prima facie discrimination claim against the

- 6 -

Water District based on §§ 1981 and 1983, she must allege that the Water District's "official policy or custom was discriminatory." *Smith v. Chicago School Reform Bd. of Trustees*, 165 F.3d 1142, 1148 (7th Cir. 1999).

The Seventh Circuit has held that "the allegation of a pattern of conduct or a series of acts violative of constitutional rights will in many cases raise an inference of municipal policy." *Powe v. City of Chicago*, 642 F.2d 639, 651 (7th Cir. 1981). Here, Hewitt's complaint alleges eight separate instances of discrimination over a period of five months involving different decision makers throughout the Water District organization. Reading Hewitt's complaint with the forgiving eye required for *pro se* litigants, the court holds that Hewitt has set forth allegations sufficient to raise an inference of discriminatory Water District policy. *Cf. Richter v. Vendegna*, 1990 WL 304196 at *3 (N.D. Ill. Oct. 22, 1990)("allegation of a pattern of conduct or a series of acts violative of constitutional rights will raise an inference of municipal policy"). Accordingly, defendants' motion to dismiss Hewitt's §§ 1981 and 1983 claims against the Water District for failure to allege a discriminatory Water District policy or custom is denied.

### *Scope of 42 U.S.C. § 1981*

As a separate ground for dismissal of Hewitt's § 1981 claims, defendants, citing *Patterson v. McLean Credit Union*, 491 U.S. 164

(1989), argue that because § 1981 only applies to the making and enforcing of contracts and not post-formation conduct, Hewitt's complaint fails to state a § 1981 claim with respect to every alleged discriminatory incident except Claims 2 and 8 (failure to promote). Defendants also argue that, to state a failure to promote claim under § 1981, Hewitt must allege that "the promotion rises to the level of an opportunity for a new and distinct relation between the employer and employee." (Defs.' Mot. Dismiss at 4.) Defendants are thoroughly mistaken.

42 U.S.C. § 1981(a) "prohibits discrimination on grounds of race in the making and enforcing of contracts." *Vakharia v. Swedish Covenant Hosp.*, 190 F.3d 799, 806 (7th Cir. 1999); 42 U.S.C. § 1981(a) ("All persons . . . shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens."). In *Patterson*, the Supreme Court held that the scope of § 1981 was limited only to acts of discrimination affecting the formation and enforcement of a contract, and did not cover "conduct by the employer after the contract relation has been established, including breach of the terms of the contract or imposition of discriminatory working conditions." *Patterson*, 491 U.S. at 177. However, "the Civil Rights Act of 1991 mooted *Patterson*, amending § 1981 to prohibit racial harassment on the job, and other forms of discrimination occurring after the formation of a contract." *Hardin v. S.C. Johnson*, 167 F.3d 340,

346 (7th Cir. 1999); see also *Gonzalez v. Ingersoll Milling Mach. Co.*, 133 F.3d 1025, 1033 (7th Cir. 1998)(Civil Rights Act of 1991 enacted "to overrule *Patterson*" and "to reaffirm that the right 'to make and enforce contracts' includes the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship"). Furthermore, in overruling *Patterson*, the Civil Rights Act of 1991 also "overruled the new and distinct relation standard" formerly applicable in the failure to promote context. *Harriston v. Chicago Tribune Co.*, 992 F.2d 697, 702 n.3 (7th Cir. 1993). The relevant portion of the Civil Rights Act of 1991, now codified at 42 U.S.C. § 1981(b), declares that the phrase "'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."

Accordingly, defendants' motion to dismiss Hewitt's complaint for failure to state a § 1981 claim based on any alleged discriminatory conduct other than Claims 2 and 8 is denied.

### TITLE VII AND ADEA CLAIMS

To sustain a discrimination claim under Title VII and the ADEA, a plaintiff must have "experienced an adverse employment action." *Traylor v. Brown*, 295 F.3d 783, 788 (7th Cir. 2002). Although the determination of an "adverse employment action" will "depend on the facts in each case," the Seventh Circuit has held that it must be "more disruptive than a mere inconvenience or an

alteration of job responsibilities." *Id.* "For an employment action to be actionable, it must be a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Bell v. Envtl. Prot. Agency*, 232 F.3d 546, 555 (7th Cir. 2000) (internal quotation marks omitted); *Traylor*, 295 F.3d at 788 (adverse employment action "might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation" (citation and internal quotation marks omitted)).

While this standard is broad, it is clear that "not everything that makes an employee unhappy will suffice to meet the adverse action requirement." *Traylor*, 295 F.3d at 788. Rather, a plaintiff "must show that material harm has resulted from the challenged actions," *id.*, such as "a reduction in pay or diminution in job responsibilities," *Hilt-Dyson v. City of Chicago*, 282 F.3d 456, 466 (7th Cir. 2002). For example, "unfair reprimands or negative performance evaluations, unaccompanied by some tangible job consequence, do not constitute adverse employment actions." *Grube v. Lau Indus., Inc.*, 257 F.3d 723, 729 (7th Cir. 2001); *see also Smart v. Ball State Univ.*, 89 F.3d 437, 441 (7th Cir. 1996).

Likewise, an employee's loss of "her telephone and cubicle are too trivial to amount to an adverse employment action." *Place v. Abbott Laboratories*, 215 F.3d 803, 810 (7th Cir. 2000).

Given these standards, Hewitt's allegations that she was "not allowed to receive personnel [sic] telephone calls during working hours" (Claim 4), that she received a "negative rating on [her] performance evaluation" (Claim 5) and that "negative comments were added to [her] request for a leave of absence" (Claim 6) do not, as a matter of law, constitute adverse employment actions. Accordingly, the court grants defendants' motion to dismiss Claims 4-6.

## INDIVIDUAL DEFENDANTS

Hewitt's complaint names four individuals as defendants: Thomas E. Kunetz ("Kunetz"), Martin O'Brien ("O'Brien"), Shirley Barrett ("Barrett") and Richard C. Sustich ("Sustich") (collectively, the "Individual Defendants"). Defendants argue in their motion to dismiss that Hewitt's complaint fails to state a claim against the Individual Defendants. Defendants are correct.

### *Statutory "Employer"*

In a suit brought under Title VII or the ADEA, each named defendant must be an "employer" as defined in those statutes. See 42 U.S.C. § 2000e(b)(Title VII "employer" defined as "a person engaged in an industry affecting commerce . . . and any agent of such a person"); 29 U.S.C. § 630(b)(ADEA "employer" defined as "a

person engaged in an industry affecting interstate commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar years"). Neither Title VII nor the ADEA imposes individual liability on supervisory employees. *See Silk v. City of Chicago*, 194 F.3d 788, 797 & n.5 (7th Cir. 1999); *Williams v. Banning*, 72 F.3d 552, 554-55 (7th Cir. 1995).

It is clear from Hewitt's complaint that she is suing Kunetz in his individual capacity; Hewitt explicitly identifies Kunetz as the Water District's "Principal Civil Engineer." (IDHR Charge at 4.) Accordingly, all Title VII and ADEA claims against Kunetz are dismissed.

### Failure to Name Individual Defendants in Underlying Charge

Both the ADEA and Title VII require a party suing for discrimination to file charges with the EEOC before proceeding in federal court. 29 U.S.C. §626(d) (ADEA); 42 U.S.C. § 2000e-5(e)(1), (f)(1) (Title VII). Generally, a party not named in an EEOC charge may not be sued. *See Moore v. Cook County Hosp.*, 1997 WL 779067 at *3 (N.D. Ill. Dec. 12, 1997) (party not named in EEOC charge may not be sued under ADEA); *Perkins*, 939 F.2d at 471 (party not named in EEOC charge may not be sued under Title VII); 29 U.S.C. § 626(d)-(e) (ADEA); 42 U.S.C. § 2000e-5(e)(1), (f)(1) (Title VII). Although this requirement does not impinge on the court's subject matter jurisdiction, *see Komorowski v. Townline*

*Mini-Mart and Restaurant*, 162 F.3d 962, 964 (7th Cir. 1998), it does represent a "condition precedent," *Perkins*, 939 F.2d at 470 (internal quotation marks omitted), to bringing suit. It "serves a two-fold purpose: (1) to notify the charged party of the alleged violation; and (2) to give that party an opportunity to participate in conciliation and to comply voluntarily with Title VII." *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 126 (7th Cir. 1989).

"A limited exception to the general rule [that a party not named in the EEOC charge may not later be sued] has been recognized where the unnamed party received both adequate notice of the EEOC charge and an opportunity to participate in the conciliation proceedings. Notice is the decisive factor. If the unnamed defendant is either mentioned or sufficiently alluded to on the face of the EEOC charge, the defendant may be sued." *Moore*, 1997 WL 779067 at *3 (citing *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 906 (7th Cir. 1981)). Courts also recognize "a third consideration in applying the exception: whether a strict application of the filing requirements would deprive the plaintiff of any redress for a legitimate grievance." *Walaszek v. Reinke Wholesale Supply Co.*, 1996 WL 547210 at *4 (N.D. Ill. Sept. 23, 1996).

Of the Individual Defendants, Kunetz is the only one whose name appears anywhere in the IDHR Charge or EEOC Letter. (IDHR

Charge at 4-5.) He therefore received adequate notice of Hewitt's discrimination claims. With respect to Kunetz's opportunity to participate in the conciliation proceedings, it appears that "nothing prevented [him] from attempting to resolve the alleged discrimination in an amicable manner," *Eggleston*, 657 F.2d at 907, as intended by Title VII.

With respect to every other Individual Defendant, however, Hewitt has failed to satisfy this limited exception. Hewitt's complaint contains no indication or allegation that notice of the charge given to the Water District was sufficient to give notice to defendants O'Brien, Barrett or Sustich. *Cf. Krocka v. Riegler*, 958 F. Supp. 1333, 1343 (N.D. Ill. 1997). Even without the Individual Defendants, Hewitt would not be "deprived . . . of any redress for a legitimate grievance," *Walaszek*, 1996 WL 547210 at *4, as her action still lies against the Water District itself. *Cf. Moore*, 1997 WL 779067 at *5; *Secrist v. Burns Int'l Security Servs.*, 926 F.Supp 823, 829 (E.D. Wis. 1996) (plaintiff "may still receive the full measure of available relief under Title VII and the ADEA against its employer"). Hewitt's ADEA and Title VII claims against defendants O'Brien, Barrett and Sustich are therefore barred by 29 U.S.C. § 626(d)-(e) and 42 U.S.C. § 2000e-5(f)(1). Accordingly, as Hewitt has neither claimed nor demonstrated entitlement to equitable modification of these administrative filing requirements,

*cf. Perkins*, 939 F.2d at 470, the court dismisses all ADEA and Title VII claims against defendants O'Brien, Barrett and Sustich.

### FAILURE TO ASSERT CLAIMS IN UNDERLYING CHARGE

Defendants argue that Hewitt's complaint raises certain claims that were not included in her underlying IDHR Charge or EEOC charge, and should therefore be dismissed. Defendants are correct.

As a general rule, a plaintiff may not bring a Title VII or ADEA claim that is beyond the scope of the underlying EEOC charge. *Harper v. Godfrey Co.*, 45 F.3d 143, 147-48 (7th Cir. 1995) (Title VII); *Kristufek v. Hussmann Foodservice Co.*, 985 F.2d 364, 368 (7th Cir. 1993) (ADEA). "In determining whether the current allegations fall within the scope of the earlier charges, the court looks at whether they are like or reasonably related to those contained in the EEOC complaint. If they are, the court then asks whether the current claim reasonably could have developed from the EEOC's investigation of the charges before it." *Cheek v. Peabody Coal Co.*, 97 F.3d 200, 202 (7th Cir. 1996) (citation and internal quotation marks omitted).

Claims 9-11, 14 and 16 of Hewitt's complaint were not raised in, and are simply not reasonably comprehended within, her IDHR Charge or EEOC charge. These claims do not share the required "factual relationship" with the matters addressed in the underlying charge, as they neither "describe the same conduct" nor is there any allegation that they "implicate the same individuals." *See*

*Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994). Accordingly, Claims 9-11, 14 and 16 are dismissed. *Cf. Peabody Coal*, 97 F.3d at 203 (disparate treatment claim in EEOC charge "completely unrelated" to subsequent harassment allegation, and where EEOC charge "referred only to disparities in the company's response to absenteeism and its provision of sickness and accident benefits," claims in district court complaint of discrimination in "training, job placement, and . . . compensation" held to be in "no way like or reasonably related" to EEOC charge).

With respect to Claim 12, "given our duty to construe *pro se* EEOC charges broadly," *Sullivan v. Presstronics Inc.*, 1997 WL 327126 at *3 (N.D. Ill. June 11, 1997), the court holds that Claim 12 is "like or reasonably related" to the underlying charge; Hewitt has at least raised "the seeds," *Peabody Coal*, 97 F.3d at 203, of Claim 12 in the underlying charge, as it "reasonably could have developed from the EEOC's investigation of the charges before it," *id.* at 202. *Cf. Epelbaum v. Chicago Bd. of Educ.*, 1999 WL 89754 at *5 (N.D. Ill. Feb. 9, 1999) ("The rule [against exceeding the scope of the EEOC charge] does not require that a court complaint be identical to the underlying EEOC charge, however, and because most charges . . . are completed by laypersons rather than lawyers, a Title VII plaintiff need not include in her charge every fact that supports her claim.") Accordingly, the court denies defendants' motion to dismiss Claim 12.

## VAGUE AND/OR AMBIGUOUS CLAIMS

Defendants argue that Claims 13 and 15 are so vague and ambiguous that defendants have not been "reasonably apprise[d] . . . of the claims against them." (Defs.' Mot. Dismiss at 2.); *cf. Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993) (complaint must provide "defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests"). The court agrees.

"At a minimum, a complaint must contain facts sufficient to state a claim as a matter of law." *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998). Moreover, Federal Rule of Civil Procedure 8(a) requires a plaintiff to set forth "a short and plain statement of [her] claim[s] showing that [she] is entitled to relief." *See also Perkins v. Silverstein*, 939 F.2d 463, 467 (7th Cir. 1991) (Plaintiffs must "identify the grounds upon which their claims are based[,] . . . even under the liberal notice pleading of Rule 8(a).") Although "mere vagueness or lack of detail does not constitute sufficient grounds for a motion to dismiss," *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985), to ensure that defendants are provided with fair notice of the claims against them "a complaint must at least include the operative facts upon which a plaintiff bases his claim." *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992); *Doherty v. City of Chicago*, 75 F.3d 318, 326 (7th Cir. 1996)("[T]here must be sufficient facts pleaded to allow

the court and the defendants to understand the gravamen of the plaintiff's complaint."). A plaintiff's failure to do so will subject that claim to dismissal. See *Strauss*, 760 F.2d at 767-68.

To the extent that the conclusory allegations of Claims 13 and 15 are meant to state a claim based on anything *beyond* Claims 1-8, Hewitt's complaint is utterly devoid of supporting facts. Likewise, Hewitt's complaint does not allege a single supporting fact for Claims 17 and 18. Accordingly, pursuant to Federal Rule of Civil Procedure 12(e), Hewitt is ordered to provide a more definite statement of the factual underpinnings of Claims 13, 15, 17 and 18. Cf. *Gadiel v. Kennicott Ridge Assocs., Ltd.*, 1986 WL 12815 at *3 n.4 (N.D. Ill. Nov. 12, 1986)("Where the court deems it appropriate, it may treat a motion to dismiss as a motion for a more definite statement and grant such a motion sua sponte.").

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Hewitt's claims against all defendants based on 42 U.S.C. §§ 1981 and 1983 is GRANTED; Defendants' Motion to Dismiss Hewitt's claims against Defendants Thomas E. Kunetz, Martin O'Brien, Shirley Barrett and Richard C. Sustich based on Title VII and the ADEA is GRANTED; Defendants' Motion to Dismiss Claims 4, 5, 6, 9, 10, 11, 14 and 16 of Hewitt's complaint is GRANTED; and Plaintiff is hereby ordered to provide a more definite statement of the factual

underpinnings of Claims 13, 15, 17 and 18 within twenty-one (21) days from receipt of this order.

**IT IS SO ORDERED.**

                                                Harry D. Leinenweber, Judge
                                                United States District Court

Date: September 27, 2002